PETERSON v. PETERSON.

1. DIVORCE—DECREE—SUPPORT OF CHILDREN—PREVIOUS SETTLEMENT.

Decree of divorce awarding plaintiff custody and $60 a month for the support of the two children until the older reached 16 years of age and $30 a month thereafter until the younger became 16 years of age, $50 in cash, and $75 attorney fee is not disturbed on appeal where record discloses that on settlement of a previous suit for divorce plaintiff wife became sole owner of practically all of the property the parties had accumulated during their 16-year marriage and that plaintiff and the children were beneficiaries for the income and corpus of a substantial trust fund established by her mother and trial court expressly reserved right to make such further provision for the children as their future interest might require.

2. SAME—COSTS.

No costs are allowed on wife's appeal in suit for divorce where she fails to maintain her claim.

Appeal from Berrien; Evans (Fremont), J. Submitted January 7, 1942. (Docket No. 38, Calendar No. 41,594.) Decided February 11, 1942.

Bill by Bertha A. Peterson against Harry A. Peterson for a divorce on ground of extreme and repeated cruelty. Cross bill by defendant against plaintiff for a divorce on ground of extreme and repeated cruelty. Decree for plaintiff. Plaintiff appeals from provisions relating to property settlement, alimony and attorney fees. Affirmed.

*Harvey & Fisher,* for plaintiff.

*Robert P. Small,* for defendant.

NORTH, J. This is an appeal by the plaintiff from that portion of a decree in a divorce case which makes disposition of the property rights, alimony and attorney's fees. Issue was joined on the wife's bill of complaint charging extreme cruelty and on the husband's cross bill also charging extreme cruelty. The cross bill was dismissed and plaintiff granted a decree of divorce.

Since the appeal challenges only those provisions having to do with the property settlement, alimony for minor children and attorney's fees, there is no occasion for setting forth in detail the claims of the respective parties pertaining to the divorce issue. Nor shall we attempt to recite in detail all of the minor facts which may bear more or less directly upon that portion of the decree from which the appeal is taken, a general outline of the more important phases of the testimony being sufficient.

The parties were married in January, 1924. Two children were born of the marriage, a son and a daughter who at the time of the hearing were re-

spectively 14 and 12 years of age. Plaintiff's family at the time of her marriage was well-to-do. Defendant was a man without means. By the combined effort of the parties, but obviously largely as a result of defendant's earnings, they acquired their home property near Benton Harbor which the trial judge found to be substantially of the value of $3,500; but it is subject to a mortgage of $1,000. The parties also possessed a one-room cottage near Lake Michigan Beach of a value of approximately $250. And they acquired certain lots referred to as the Baker-Vawter Hill property, but prior to the hearing of the instant case the only interests remaining in this property were the fee in one lot and the vendor's interest in another which had been sold on contract. These two interests were of small value, probably approximately $400. Defendant also had four life insurance policies aggregating $5,000 and having a cash value of approximately $800. In addition to the foregoing these parties possessed their household furniture and other personal effects commonly incident to home life. In 1939 when this case was heard in the circuit court plaintiff was 36 years of age and defendant 38.

Plaintiff's mother died in 1937; and by her will the mother provided a trust fund in the amount of $20,000, the income of which was payable to plaintiff, and at plaintiff's death the trust fund was to be equally divided between the two children of the parties to this suit. For reasons which need not be stated, plaintiff had not received any of the income from this trust up to the time the instant case was heard; but the trial judge found: "The income from that trust fund will run $1,200 per year. * * * I think the record establishes that the trust fund is in such shape that she (plaintiff) may, and should be able to begin to receive that income practically forth-

with." The defendant was employed at the New Products Corporation as an assistant superintendent, and he received a salary of $50 a week and also a bonus.

Prior to instituting the present divorce suit, plaintiff had filed another bill for divorce which was shortly thereafter voluntarily dismissed; and, evidently incident to the reconciliation between the parties, title to the home property and the cottage was vested then solely in plaintiff. In his opinion filed in the instant case the circuit judge said: "In my opinion, when plaintiff obtained absolute title to all the real estate that they owned jointly at the time of the reconciliation in June, 1938, she received substantially all that she should expect out of his estate."

In disposing of the property rights the circuit judge decreed that plaintiff should have the sole title and ownership, subject to the $1,000 mortgage, of the home property and all of the household furniture, that she should also be the sole owner of the cottage property; that defendant should pay plaintiff $50 as settlement in full of her rights, present or future, in defendant's property; that defendant should pay $60 a month for the support of the two children until the older became 16 years of age, and thereafter $30 per month until the younger became 16 years of age; and defendant was ordered to pay an additional amount for attorney's fees to plaintiff's attorneys which would constitute a total of $75. Aside from their respective personal effects, the decree provided that the personal property of these parties other than that given to the wife should be retained by the husband; also he should become the sole owner of title or interest in the two lots which were a part of the Baker-Vawter Hill property. The general custody of the two minor children

was given to plaintiff with right in defendant to have them on certain week ends and for one month during the year. There is no complaint about this latter provision.

The above-stated facts and others disclosed by the record bring the conclusion that we would not be justified in altering any of the provisions in the decree of which plaintiff complains. Prior to this suit she had obtained sole ownership of practically all the property these parties had accumulated during their married life covering a period of substantially 16 years next preceding the entry of this decree. In addition through inheritance she is possessed of a substantial annual income. The decree gave to the defendant property of only very limited total value; and it required him to pay for the support of the children $60 per month until the older is 16 years of age and thereafter $30 per month until the younger is 16 years of age. While the period covered by this latter decretal provision is obviously of comparatively limited duration, the trial court provided in the decree that: "the right (is) expressly reserved in this court to make such other or further provision for said children as their future interest may require." There is no showing in this record of inadequacy of the amount decreed as attorney's fees to appellant's attorneys which would justify us in holding that the trial court abused its discretion in that particular.

The decree entered in the circuit court is affirmed; but no costs will be allowed. The case is remanded to the circuit court in chancery for jurisdiction of future proceedings therein, if any.

CHANDLER, C. J., and BOYLES, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred. WIEST, J., did not sit.